Parker, J.
[After stating briefly the facts from his report, as above recited.] These are all the facts material to the point upon which the decision of the Court will turn. The question presented is, whether, from this evidence, the jury ought to have been instructed by the judge, that the building of the fence was a disseisin of Josiah Newhall of the fexv feet of land in controversy.
It is certainly true, as has been argued, with much technical learning, by the counsel for the demandant, that, if an actual seisin of the ancestor was proved within the time alleged in the writ, the tenant is put to show a rightful entry xvhen the fence was built, or the verdict ought to be against him. But the actual seisin [ * 357 ] was proved no otherwise * than by the testimony of Henry Newhall. It is true, he swore positively as to the location of the fence when his brother Josiah was in possession ; *293 the location of the fence when his brother Josiah was in possession, and that it has been placed in a different position by Hoplcins. But it ought to be considered that the witness was testifying of a fact forty years before; that this fact was of a nature not to admit of a precise recollection ; and that the difference between the position of the fence then and now is so small, that a witness, however upright in his intentions, may well be mistaken.
Under these circumstances, the jury were not bound by the testimony of the witness, if there was any fact in the case creating a presumption inconsistent with his testimony. Now, the jury, had before them the fact of the fence having been erected as it now stands very near thirty years ; that it was built without any opposition from the persons occupying Josiah New hall's part of the messuage; and that no person showed the workman where to place the fence ; from which it may be presumed he was directed merely to rebuild and repair it, and that he governed himself by the line of the old fence. In addition to this, the persons, who have since owned and occupied the several parts of the house and the yards, have acquiesced for nearly thirty years in the present situation of the fence; and none among the various owners appear to have complained, until the person for whose use this action was brought became interested in the land, which is of recent date.†
Under all the circumstances of the case, we are satisfied with the directions given to the jury, that they might weigh all the evidence, and determine whether a seisin had been proved, as alleged in the writ, and, if proved, whether the circumstances under which an entry by Hopkins was made, did not satisfy them, that the former possession of Josiah Neiohall was wrongful or by mistake; * and that the line was established by the mutual consent of [ * 358 ] the parties, at the time when the fence which has been so long acquiesced in was built.
The verdict appears to the Court to be conformable to the justice of the case, and not against law ; so that judgment must be entered upon it. (8)

 It was understood, at the trial, that this suit was instituted for the benefit of one Isaac Jefferson, who had purchased the demandant’s estate.

 [See Walcott & Al. vs. Knight & Al., post, 418. —Ed.]